IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02133-BNB

MATTHEW TAZIO REDMON,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director CDOC,
PAMELA J. PLOUGHE, CTCF Warden,
RAE TIMME, CTCF Associate Warden,
CDOC SGT. FNU EMIG,
CDOC LT. HENRY WILLIAMS #6902,
CDOC SGT. BETTINA COAXUM,
CDOC OFFICER JODI STARKEY,
CDOC CAPTAIN DAVID ALLEN #1905,
CDOC LT. DEANNE ZANDER #9137,
CDOC OFFICER CUBBIE CLEMENTI #6817,
CDOC CAPTAIN DOUG WILSON #3809,
CDOC LT. FNU BENEZE #1464,
CDOC LT. KEN TOPLISS #1718,
CDOC SGT. R. VIOLA #3865,
CDOC MAJOR KEVIN FURTON #1082,
CDOC MAJOR L. MAIFELD #845,
CDOC SGT. FNU ARCHULETTA,
CDOC LT. STEVEN HENRY,
CDOC CAPTAIN RODNEY ACHEN #4985,
CDOC OFFICER CATHIE HOLST, Assistant Director, CDOC Correctional Legal
    Services,
CDOC OFFICER DONALD CANFIELD #8070,
CDOC OFFICER ADRIENNE JACOBSON #14299, Legal Designee,
CDOC OFFICER ANNA COOPER #1550, Designee, Director of Prisons,
CDOC OFFICER GARY GOLDER, Director of Prisons,
CDOC OFFICER ROBERT CANTWELL, Director of Prisons,
CDOC NURSE ANN NELSON, RN, #12967,
BETH HOEKSTRA, PA, #15685,
R. MARTINEZ, HSA, #4967,
YVETTE POPE, HSA, #6343,
CDOC OFFICER C. SMITH #14052,
JOYCE CROUNK, HSA, #12748,
CDOC OFFICER L. HOFFMAN #1282,
CDOC OFFICER MARY ANN ALDRICH, #3010, CTCF Administrative Services

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 15 2009

GREGORY C. LANGHAM
CLERK

Manager, and
CODC OFFICER ANTHONY A. DECESARO, STEP 3 Grievance Officer,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Matthew Tazio Redmon, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility at Cañon City, Colorado. Mr. Redmon has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Redmon is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Redmon will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that the complaint improperly combines a number of separate and unrelated claims against various Defendants into one action. Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**. Persons . . . may be joined in one action as defendants if:

2

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

In total, Mr. Redmon asserts forty-two claims against thirty-four Defendants stemming from seventeen distinct incidents. Mr. Redmon lists each of the seventeen incidents separately in the complaint, from incident A through incident Q. The seventeen incidents involve the alleged actions of various Defendants and raise a wide range of issues including medical care, adequate sleep, legal mail restrictions, pre-hearing segregation, disciplinary proceedings, adequate winter clothing, outdoor exercise, overcrowding, grievance procedures, access to legal materials, photocopy restrictions, and access to the law library. Some of these incidents appear to be related. For example, Mr. Redmon asserts claims that he was denied access to the courts in connection with each of the final three incidents listed in the complaint, which relate to access to legal materials, photocopy restrictions, and access to the law library, and it appears that these access to the courts claims all are related. However, even assuming all of the claims based on incidents O, P, and Q may be raised in one action, those incidents are not related to Mr. Redmon's other claims against other Defendants regarding, for example, medical care, disciplinary proceedings, or outdoor exercise. The fact that all of Mr. Redmon's claims arise out of his incarceration is not sufficient to satisfy the same transaction requirement of Rule 20(a)(2).

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). However, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, the court may dismiss improper parties. *See id.* The court will not dismiss any improper Defendants at this time because it is not clear which claims Mr. Redmon may wish to pursue in this action. Instead, Mr. Redmon will be ordered to file an amended complaint that complies with the joinder requirements of the Federal Rules of Civil Procedure. If Mr. Redmon wishes to pursue all of his claims, he must file an amended complaint in this action that complies with the joinder requirements of the Federal Rules of Civil Procedure, and he must initiate any other new actions that may be necessary to raise all of his claims in accordance with the joinder requirements of the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED that Mr. Redmon file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Redmon, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Redmon fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED October 15, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02133-BNB

Matthew Tazio Redmon
Prisoner No. 140637
Colorado Territorial Corr. Facility
P.O. Box 1010 - CH7
Cañon City, CO 81215-1010

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/15/09

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk