IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02133-BNB

MATTHEW TAZIO REDMON,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director CDOC,
PAMELA J. PLOUGHE, CTCF Warden,
RAE TIMME, CTCF Associate Warden,
CDOC SGT. FNU EMIG,
CDOC LT. HENRY WILLIAMS #6902,
CDOC SGT. BETTINA COAXUM,
CDOC OFFICER JODI STARKEY,
CDOC CAPTAIN DAVID ALLEN #1905,
CDOC LT. DEANNE ZANDER #9137,
CDOC OFFICER CUBBIE CLEMENTI #6817,
CDOC CAPTAIN DOUG WILSON #3809,
CDOC LT. FNU BENEZE #1464,
CDOC LT. KEN TOPLISS #1718,
CDOC SGT. R. VIOLA #3865,
CDOC MAJOR KEVIN FURTON #1082,
CDOC MAJOR L. MAIFELD #845,
CDOC SGT. FNU ARCHULETTA,
CDOC LT. STEVEN HENRY,
CDOC CAPTAIN RODNEY ACHEN #4985,
CDOC OFFICER CATHIE HOLST, Assistant Director, CDOC Correctional Legal
    Services,
CDOC OFFICER DONALD CANFIELD #8070,
CDOC OFFICER ADRIENNE JACOBSON #14299, Legal Designee,
CDOC OFFICER ANNA COOPER #1550, Designee, Director of Prisons,
CDOC OFFICER GARY GOLDER, Director of Prisons,
CDOC OFFICER ROBERT CANTWELL, Director of Prisons,
CDOC NURSE ANN NELSON, RN, #12967,
BETH HOEKSTRA, PA, #15685,
R. MARTINEZ, HSA, #4967,
YVETTE POPE, HSA, #6343,
CDOC OFFICER C. SMITH #14052,
JOYCE CROUNK, HSA, #12748,
CDOC OFFICER L. HOFFMAN #1282,
CDOC OFFICER MARY ANN ALDRICH, #3010, CTCF Administrative Services
    Manager, and

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2009

GREGORY C. LANGHAM
    CLERK

CDOC OFFICER ANTHONY A. DeCESARO, STEP 3 Grievance Officer,

Defendants.

ORDER TO DISMISS IN PART

Plaintiff Matthew Tazio Redmon initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. Mr. Redmon was in the custody of the Colorado Department of Corrections (DOC) at the Colorado Territorial Correctional Facility (CTCF) when he filed this action. Mr. Redmon has filed a notice of change of address that indicates he now is incarcerated in Florida. On October 15, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Redmon to file an amended Prisoner Complaint that complies with the joinder requirements of the Federal Rules of Civil Procedure. On October 27, 2009, Mr. Redmon filed an amended Prisoner Complaint that is virtually identical to his original Prisoner Complaint along with a document titled "Plaintiff's Show of Causal Connection and Motion for Leave to Proceed With Complaint, as Amended" in which he argues that the amended complaint complies with the joinder rules.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Redmon is a prisoner and Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **See**

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous and Mr. Redmon will be given one final opportunity to file an amended pleading that complies with the joinder requirements of the Federal Rules of Civil Procedure.

The Court must construe the amended complaint liberally because Mr. Redmon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Redmon asserts a total of forty-two claims for relief in the amended complaint based on seventeen separate incidents. Mr. Redmon identifies each separate incident in the amended complaint by letter. In order to better understand the nature of Mr. Redmon's claims, the Court provides the following brief descriptions of the seventeen incidents on which those claims are based.

Incident A

Mr. Redmon first alleges that prison officials failed to accommodate his physical disabilities. He specifically claims that prison officials violated his Eighth Amendment rights by denying his emergency medical grievance in June 2008 without examining him and by failing to address his known medical problems for eighth months.

Incident B

Mr. Redmon alleges in Incident B that he was denied adequate sleep from April 2008 through January 2009 because prison officials refused to excuse him from a standing count conducted at 9:15 p.m., even though he had to wake up at 3:30 a.m. to begin his job in the prison kitchen. Mr. Redmon claims that the denial of adequate sleep violated the Eighth Amendment and denied him equal protection.

Incident C

Mr. Redmon complains in Incident C that his legal mail from attorneys in Florida has been rejected because DOC policies require that legal mail from an attorney include the attorney's registration number on the outside of the envelope. Mr. Redmon claims that these policies violate his rights to free speech and access to the courts and also violate the Fourteenth Amendment rights of persons not imprisoned.

Incident D

Mr. Redmon's claims arising out of Incident D are based on his removal from population and placement in pre-hearing disciplinary confinement on December 18, 2008. He claims that he was denied due process and equal protection and subjected to cruel and unusual punishment as a result of his removal from population.

Incident E

Mr. Redmon complains in Incident E that he was further punished when he was released from pre-hearing disciplinary confinement because he then was placed in a cellhouse that is locked down for more than twenty hours each day. As a result, Mr. Redmon claims that he was denied due process and subjected to cruel and unusual punishment.

Incident F

Mr. Redmon alleges in Incident F that he was charged with and convicted of the disciplinary offense of disobeying a lawful order after refusing to sit in front of an open exterior door in the chowhall on January 8, 2009. Mr. Redmon claims that he was denied due process and equal protection and that he was subjected to cruel and unusual punishment in connection with Incident F.

Incident G

Mr. Redmon alleges in Incident G that his personal winter clothing was taken from him as a sanction when he lost his privileges following a disciplinary conviction. He claims that this violated his Eighth Amendment rights.

Incident H

Mr. Redmon complains in Incident H that he has been denied outdoor exercise during the times he has been housed in punitive segregation. He claims the denial of outdoor exercise violates his right to equal protection and subjects him to cruel and unusual punishment.

Incident I

In Incident I, Mr. Redmon challenges his prison disciplinary conviction in case number 090698. He specifically claims that he was denied due process and equal protection.

Incident J

In Incident J, Mr. Redmon challenges pre-hearing disciplinary confinement and his disciplinary conviction for verbal assault in case number 090719. He claims that he was denied due process and subjected to cruel and unusual punishment.

Incident K

Mr. Redmon alleges in Incident K that the DOC Code of Penal Discipline violates due process because it authorizes pre-hearing disciplinary confinement, allows for punishments to be served prior to final disposition of the charges, and allows for the withholding of good and earned time credits.

Incident L

Mr. Redmon complains in Incident L that the cellhouses in which he has been housed at CTCF are overcrowded in violation of his Eighth Amendment rights.

Incident M

Mr. Redmon complains in Incident M that the bathroom facilities in the cellhouses in which he has been housed at CTCF are not adequate and violate his Eighth Amendment rights.

Incident N

In Incident N, Mr. Redmon challenges the adequacy of the DOC grievance procedures. He specifically claims that the denials of his grievances have denied him access to the courts and equal protection.

Incident O

Mr. Redmon complains in Incident O that he cannot access Florida case law through the CTCF law library or the DOC. He claims that he has been denied due process, equal protection, and access to the courts in connection with Incident O.

Incident P

In Incident P, Mr. Redmon challenges the costs of photocopies and the DOC policy that limits the number of legal photocopies he can obtain. Mr. Redmon claims

that the photocopy restrictions violate his rights to due process, equal protection, and access to the courts.

Incident Q

In Incident Q, Mr. Redmon complains about the amount of time available to him to access the CTCF law library. He claims that restrictions on his ability to access the law library violate his rights to due process, equal protection, and access to the courts.

As noted above, Mr. Redmon's amended complaint is virtually identical to his original complaint. Magistrate Judge Boland determined that Mr. Redmon's original complaint improperly combined a number of separate and unrelated claims against various Defendants into one action. As a result, Magistrate Judge Boland ordered Mr. Redmon to file an amended complaint that complies with the joinder requirements of the Federal Rules of Civil Procedure.

Mr. Redmon argues in "Plaintiff's Show of Causal Connection and Motion for Leave to Proceed With Complaint, as Amended," which he filed in response to Magistrate Judge Boland's order to file an amended complaint, that he may join all forty-two of his claims based on the seventeen incidents described above in a single action. Mr. Redmon specifically argues that all of his claims may be joined in a single action because Defendant Aristedes Zavaras, the DOC executive director, is implicated in all but one of the seventeen specified incidents; because Defendant Anthony A. DeCesaro, the DOC step 3 grievance officer, is implicated in all seventeen incidents; and because all but three of the named Defendants are implicated in Incident N, which relates to the adequacy of the DOC grievance procedure and is related to every other incident described in the amended complaint.

The Court does not agree that Mr. Redmon may join all forty-two claims in a single action because Defendant Zavaras allegedly is implicated in sixteen of the seventeen incidents and Defendant DeCesaro allegedly is implicated in all seventeen incidents. As Magistrate Judge Boland noted, Rule 18(a) of the Federal Rules of Civil Procedure provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). Furthermore, in an action involving multiple defendants, the analysis under Rule 20 precedes the analysis under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d § 1655; *see Proctor v. Applegate*, – F. Supp.2d –, 2009 WL 3208283 (E.D. Mich. Sept. 30, 2009).

The fact that Mr. Redmon asserts multiple claims against Defendants Zavaras and DeCesaro is not sufficient to join all of the other Defendants in this action because the claims Mr. Redmon is asserting in the amended complaint do not all arise out of the same transaction, occurrence, or series of transactions or occurrences. Even a cursory review of the seventeen incidents described in the amended complaint demonstrates that Mr. Redmon's claims do not all arise out of the same transaction, occurrence, or series of transactions or occurrences. As Magistrate Judge Boland correctly noted, the fact that all of Mr. Redmon's claims arise out of his incarceration is not sufficient to satisfy the same transaction requirement of Rule 20(a)(2).

Mr. Redmon also argues that he may join all forty-two claims in the amended complaint in a single action because the claims he asserts based on Incident N, claims twenty-eight and twenty-nine, are related to every other incident in the amended complaint and implicate all but three of the named Defendants. He specifically asserts in claims twenty-eight and twenty-nine that he has been denied access to the courts and equal protection because the DOC grievance procedure is not adequate.

The Court does not agree that the access to the courts and equal protection claims based on the allegedly inadequate DOC grievance procedure can justify joinder of all forty-two claims in the amended complaint in a single action. In essence, Mr. Redmon argues that he may join all forty-two claims in a single action simply because he allegedly has filed administrative grievances with respect to each of his claims and

claims twenty-eight and twenty-nine in the amended complaint relate to the adequacy of the DOC grievance procedure. However, the fact that Mr. Redmon alleges he has filed grievances with respect to each of his claims does not demonstrate that all forty-two claims satisfy the same transaction requirement of Rule 20(a)(2).

Furthermore, claims twenty-eight and twenty-nine in the amended complaint cannot justify joinder of all forty-claims because claims twenty-eight and twenty-nine are legally frivolous. The alleged failure to respond to Mr. Redmon's grievances does not implicate his constitutional right of access to the courts. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam); *see also Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008) (noting that a failure to respond to an inmate's grievances does not implicate the constitutional right of access to the courts); *Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation). To the extent Mr. Redmon claims he has been denied equal protection in connection with the DOC grievance procedure, the equal protection claim lacks merit because he fails to allege that he has been treated differently than any similarly situated individual. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Therefore, the Court will dismiss claims twenty-eight and twenty-nine as legally frivolous because Mr. Redmon fails to allege facts that support a constitutional claim with respect to Incident N.

For all of these reasons, the Court agrees with Magistrate Judge Boland that Mr. Redmon improperly has combined a number of separate and unrelated claims against

various Defendants into one action in violation of Fed. R. Civ. P. 20(a)(2). Therefore, "Plaintiff's Show of Causal Connection and Motion for Leave to Proceed With Complaint, as Amended" will be denied and Mr. Redmon will be given one final opportunity to file an amended pleading that complies with the joinder requirements of the Federal Rules of Civil Procedure if he wishes to pursue any of his claims in this action. Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." **George v. Smith**, 507 F.3d 605, 607 (7th Cir. 2007). "Accordingly, 'a civil plaintiff may not name more than one defendants in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.'" **Proctor**, – F. Supp.2d –, 2009 WL 3208283 at *25 (quoting **Garcia v. Munoz**, No. 08-1648 (WJM), 2008 WL 2064476 at *3 (D.N.J. May 14, 2008)).

Finally, the Court will address other pending motions in this action. On October 19, 2009, Mr. Redmon filed a "Motion for Class Certification and for the Appointment of Class Counsel and for Defendants' Notification to the Class of the Action." That motion will be denied because a *pro se* litigant may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and is not an adequate class representative for a putative class action. *See* **Fymbo v. State Farm Fire & Cas. Co.**, 213 F.3d 1320, 1321 (10th Cir. 2000). On October 28, 2009, a prison inmate named Dennis-Michael Blay filed a "Motion for Joinder of Plaintiffs and Defendants" in which he asks to be joined as a party Plaintiff in this action because he wishes to assert claims that are

various Defendants into one action in violation of Fed. R. Civ. P. 20(a)(2). Therefore, "Plaintiff's Show of Causal Connection and Motion for Leave to Proceed With Complaint, as Amended" will be denied and Mr. Redmon will be given one final opportunity to file an amended pleading that complies with the joinder requirements of the Federal Rules of Civil Procedure if he wishes to pursue any of his claims in this action. Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." **George v. Smith**, 507 F.3d 605, 607 (7th Cir. 2007). "Accordingly, 'a civil plaintiff may not name more than one defendants in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.'" **Proctor**, – F. Supp.2d –, 2009 WL 3208283 at *25 (quoting **Garcia v. Munoz**, No. 08-1648 (WJM), 2008 WL 2064476 at *3 (D.N.J. May 14, 2008)).

Finally, the Court will address other pending motions in this action. On October 19, 2009, Mr. Redmon filed a "Motion for Class Certification and for the Appointment of Class Counsel and for Defendants' Notification to the Class of the Action." That motion will be denied because a *pro se* litigant may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and is not an adequate class representative for a putative class action. *See* **Fymbo v. State Farm Fire & Cas. Co.**, 213 F.3d 1320, 1321 (10th Cir. 2000). On October 28, 2009, a prison inmate named Dennis-Michael Blay filed a "Motion for Joinder of Plaintiffs and Defendants" in which he asks to be joined as a party Plaintiff in this action because he wishes to assert claims that are

identical to the claims being raised by Mr. Redmon. On October 29, 2009, a prison inmate named Edward Clair also filed a "Motion for Joinder of Plaintiffs and Defendants" for the same reason. The motions for joinder will be denied. First, the inmates seeking to join this action have not signed and tendered an amended pleading asserting their specific claims for relief. Furthermore, because it is not clear which claims Mr. Redmon intends to pursue in this action, it is not clear that joinder of any additional plaintiffs would be appropriate. Accordingly, it is

ORDERED that Plaintiff's motion to proceed with complaint as amended filed on October 27, 2009, is denied. It is

FURTHER ORDERED that claims twenty-eight and twenty-nine in the amended complaint are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff's "Motion for Class Certification and for the Appointment of Class Counsel and for Defendants' Notification to the Class of the Action" filed on October 19, 2009, is denied. It is

FURTHER ORDERED that the motions for joinder filed on October 28 and October 29, 2009, are denied. It is

FURTHER ORDERED that Plaintiff shall have **thirty (30) days from the date of this order** to file an amended pleading that complies with the joinder requirements of the Federal Rules of Civil Procedure if he wishes to pursue any claims in this action. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint as directed within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 20 day of November, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02133-BNB

Matthew Tazio Redmon
Prisoner No. 56831
Lake County Jail
551 West Main Street
Tavares, Florida 32778

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/20/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk