IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02133-BNB

MATTHEW TAZIO REDMON,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director CDOC,
PAMELA J. PLOUGHE, CTCF Warden,
RAE TIMME, CTCF Associate Warden,
CDOC SGT. FNU EMIG,
CDOC LT. HENRY WILLIAMS #6902,
CDOC SGT. BETTINA COAXUM,
CDOC OFFICER JODI STARKEY,
CDOC CAPTAIN DAVID ALLEN #1905,
CDOC LT. DEANNE ZANDER #9137,
CDOC OFFICER CUBBIE CLEMENTI #6817,
CDOC CAPTAIN DOUG WILSON #3809,
CDOC LT. FNU BENEZE #1464,
CDOC LT. KEN TOPLISS #1718,
CDOC SGT. R. VIOLA #3865,
CDOC MAJOR KEVIN FURTON #1082,
CDOC MAJOR L. MAIFELD #845,
CDOC SGT. FNU ARCHULETTA,
CDOC LT. STEVEN HENRY,
CDOC CAPTAIN RODNEY ACHEN #4985,
CDOC OFFICER CATHIE HOLST, Assistant Director, CDOC Correctional Legal
    Services,
CDOC OFFICER DONALD CANFIELD #8070,
CDOC OFFICER ADRIENNE JACOBSON #14299, Legal Designee,
CDOC OFFICER ANNA COOPER #1550, Designee, Director of Prisons,
CDOC OFFICER GARY GOLDER, Director of Prisons,
CDOC OFFICER ROBERT CANTWELL, Director of Prisons,
CDOC NURSE ANN NELSON, RN, #12967,
BETH HOEKSTRA, PA, #15685,
R. MARTINEZ, HSA, #4967,
YVETTE POPE, HSA, #6343,
CDOC OFFICER C. SMITH #14052,
JOYCE CROUNK, HSA, #12748,
CDOC OFFICER L. HOFFMAN #1282,
CDOC OFFICER MARY ANN ALDRICH, #3010, CTCF Administrative Services

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 11 2009

GREGORY C. LANGHAM
    CLERK

Manager, and
CDOC OFFICER ANTHONY A. DeCESARO, STEP 3 Grievance Officer,

Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Matthew Tazio Redmon has filed *pro se* on December 4, 2009, a "Motion for Reconsideration" asking the Court to reconsider the Court's Order to Dismiss in Part entered in this action on November 20, 2009. The Court must construe the motion liberally because Mr. Redmon is not represented by an attorney. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

Mr. Redmon, who currently is incarcerated in Florida, initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated in a state prison in Colorado. On October 15, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Redmon to file an amended Prisoner Complaint that complies with the joinder requirements of the Federal Rules of Civil Procedure. On October 27, 2009, Mr. Redmon filed an amended Prisoner Complaint that is virtually identical to his original Prisoner Complaint along with another document in which he argued that the amended complaint complies with the joinder rules. In the Court's November 20 order, the Court rejected Mr. Redmon's arguments that he properly could join all forty-two claims raised in the amended complaint in a single action and the Court dismissed two of the claims as legally frivolous. The Court gave Mr. Redmon one final opportunity to file an

amended pleading that complies with the joinder requirements of the Federal Rules of Civil Procedure if he wishes to pursue any of his claims in this action. The Court also denied Mr. Redmon's motion for class certification and for appointment of class counsel.

Mr. Redmon continues to argue in his motion for reconsideration that he properly may raise all of his claims in a single action because the incidents of which he complains are overlapping and intertwined. He also states that he would require the assistance of counsel to comply with the orders directing him to file an amended pleading consistent with the joinder requirements of the Federal Rules of Civil Procedure. Finally, Mr. Redmon asks the Court to reconsider the denial of his motion for class certification and for appointment of class counsel.

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion for reconsideration and the entire file, the Court finds that Mr. Redmon fails to demonstrate some reason why the Court should reconsider and vacate the Court's November 20 order. He fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. For the reasons discussed in the Court's November 20 order, the Court remains convinced that all of the claims Mr. Redmon asserts in his amended complaint are not properly raised in a single action in compliance with the

joinder rules of the Federal Rules of Civil Procedure. The Court also finds that Mr. Redmon fails to demonstrate some reason why the Court should reconsider his motion for class certification and appointment of class counsel.

Finally, the Court does not believe that appointment of counsel to represent Mr. Redmon is necessary or appropriate at this time. The factors to be considered in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised. **See Rucks v. Boergermann**, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." **McCarthy v. Weinberg**, 753 F.2d 836, 838 (10th Cir. 1985).

Because it is not clear which of his claims Mr. Redmon intends to pursue in this action, the Court cannot assess properly at this time the merits of those claims, the nature of the factual issues presented, or the complexity of the legal issues being raised. However, based on the nature of the arguments he has raised in this action, it appears to the Court that Mr. Redmon has the ability to present his claims without the assistance of counsel.

For all of these reasons, Mr. Redmon's motion for reconsideration will be denied. Mr. Redmon again will be ordered to file an amended complaint as directed if he wishes to pursue any claims in this action. Accordingly, it is

ORDERED that the "Motion for Reconsideration" filed on December 4, 2009, is denied. It is

FURTHER ORDERED that Mr. Redmon shall have **thirty (30) days from the date of this order** to file an amended complaint that complies with the joinder requirements of the Federal Rules of Civil Procedure if he wishes to pursue any claims in this action. It is

FURTHER ORDERED that, if Mr. Redmon fails to file an amended complaint as directed within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this __11__ day of __Dec__, 2009.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02133-BNB

Matthew Tazio Redmon
Prisoner No. 56831
Lake County Jail
551 West Main Street
Tavares, Florida 32778

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/11/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk