IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02133-BNB

MATTHEW TAZIO REDMON,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director CDOC,
PAMELA J. PLOUGHE, CTCF Warden,
CDOC LIEUTENANT FNU BENEZE #1464,
CDOC SERGEANT R. VIOLA #3865,
CDOC MAJOR L. MAIFELD #845,
CDOC OFFICER CATHIE HOLST, Assistant Director, CDOC Correctional Legal
    Services,
CDOC OFFICER DONALD CANFIELD #8070,
CDOC OFFICER ADRIENNE JACOBSON #14299, Legal Designee,
CDOC OFFICER ANNA COOPER #1550, Designee, Director of Prisons,
CDOC OFFICER GARY GOLDER, Director of Prisons,
CDOC OFFICER ROBERT CANTWELL, Director of Prisons,
CDOC OFFICER ANTHONY A. DeCESARO, STEP 3 Grievance Officer, and
CDOC OFFICER RAE TIMME, #3901, CTCF Assistant Warden,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Matthew Tazio Redmon, initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights had been violated. Mr. Redmon was in the custody of the Colorado Department of Corrections (DOC) at the Colorado Territorial Correctional Facility (CTCF) when he filed this action. Mr. Redmon currently is incarcerated in Florida. On October 27, 2009, Mr. Redmon filed an amended Prisoner Complaint asserting forty-two claims for relief based on

seventeen separate incidents. On November 20, 2009, Senior Judge Zita Leeson Weinshienk entered an order dismissing the amended Prisoner Complaint in part and directing Mr. Redmon to file a second amended complaint that complies with the joinder requirements of the Federal Rules of Civil Procedure. On March 1, 2010, Mr. Redmon filed a second amended complaint in response to Senior Judge Weinshienk's November 20 order.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second amended complaint because Mr. Redmon is a prisoner and defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the second amended complaint, or any portion of the second amended complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the second amended complaint in part as legally frivolous.

The Court must construe the second amended complaint liberally because Mr. Redmon is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, if the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Redmon asserts twenty claims for relief in the second amended complaint, all of which appear to arise out of his efforts to pursue legal claims in the Florida courts while he was incarcerated at the CTCF. Mr. Redmon specifically claims that he has been denied access to the courts as well as due process and equal protection and that his First Amendment rights have been violated.

The Court first will address Mr. Redmon's claims challenging the adequacy of the DOC grievance procedure. Mr. Redmon alleges in claim four that his constitutional right of access to the courts was violated because defendants Cathie Holst, Adrienne Jacobson, Anna Cooper, Anthony A. DeCesaro, and Rae Timme failed to respond to his grievances within the time allowed under the DOC grievance procedure, which prevented him from complying with the exhaustion requirements of the Prison Litigation Reform Act. Mr. Redmon alleges in claim five that defendants Holst, Jacobson, Cooper, DeCesaro, Timme, R. Viola, Beneze, Pamela J. Ploughe, Gary Golder, Robert Cantwell, and Aristedes Zavaras denied him equal protection in connection with various administrative grievances he filed.

Mr. Redmon's claims relevant to the DOC administrative grievance procedure lack merit for the same reasons discussed by Senior Judge Weinshienk in her November 20 order in this action. The alleged failure to respond to Mr. Redmon's grievances within the time allowed under the DOC grievance procedure does not implicate the constitutional right of access to the courts. *See Flick v. Alba*, 932 F.2d

728, 729 (8th Cir.1991) (per curiam); *see also Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008) (noting that a failure to respond to an inmate's grievances does not implicate the constitutional right of access to the courts); *Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation). Furthermore, Mr. Redmon's claim that he has been denied equal protection in connection with the DOC grievance procedure lacks merit because he fails to allege that he has been treated differently than any similarly situated individual. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Therefore, the Court will dismiss claims four and five as legally frivolous because Mr. Redmon fails to allege facts that support a constitutional claim with respect to those claims. In addition, because claims four and five are the only claims asserted against defendants Jacobson, Cooper, Timme, Ploughe, Golder, and Cantwell, those defendants will be dismissed as parties to this action.

Mr. Redmon also asserts a series of claims in the second amended complaint, claims eleven through fifteen, in which he contends that a DOC policy restricting the number of pages that will be photocopied by the law library violates his constitutional right of access to the courts and deprives him of equal protection and due process. Mr. Redmon specifically alleges that limiting the number of pages he may photocopy hinders his ability to file petitions in the Florida courts and delays his filings because he is forced to obtain the required copies from other sources.

Mr. Redmon's equal protection and due process claims challenging the DOC policy limiting the number of pages he could photocopy, claims fourteen and fifteen in the second amended complaint, are legally frivolous. The equal protection claim lacks merit because Mr. Redmon fails to allege that he has been treated differently than any similarly situated individual. *See City of Cleburne*, 473 U.S. at 439; *Penrod*, 94 F.3d at 1406. The due process claim lacks merit because Mr. Redmon fails to allege the deprivation of any constitutionally protected interest in life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).

Mr. Redmon's access to the courts claims challenging the DOC's policy limiting the number of pages he can photocopy, claims eleven through thirteen in the second amended complaint, also lack merit. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). Furthermore, a prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Mr. Redmon's claims that he was denied access to the courts based on a DOC policy that limits the number of pages he can photocopy lack merit because he does not allege any actual injury linking that policy to the petitions he sought to file in the Florida courts. In fact, Mr. Redmon alleges that he obtained the required copies from other sources. Although he does assert that his Florida filings were delayed because he was forced to obtain the required copies from other sources, Mr. Redmon does not allege that any of the Florida filings were denied as untimely. Therefore, Mr. Redmon fails to allege facts that demonstrate his constitutional rights were violated in connection with the DOC policy limiting the number of pages he could photocopy. As a result, claims eleven through thirteen also will be dismissed as legally frivolous. Furthermore, because defendant Donald Canfield is named as a defendant only in connection with claims twelve through fifteen, he will be dismissed as a party to this action.

Mr. Redmon alleges in claim sixteen that his constitutional right of access to the courts was violated because the DOC raised the cost of photocopies from five cents per page to twenty-five cents per page. He specifically contends that the increased cost of photocopies is an economic hardship and hinders his ability to file court documents. This access to the courts claim also will be dismissed as legally frivolous because Mr. Redmon's conclusory assertion that the increased cost of obtaining photocopies hinders his ability to file court documents is insufficient to state an actual injury. *See Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999).

Mr. Redmon next asserts a series of claims, claims seventeen through twenty in the second amended complaint, that challenge the amount of time he was able to

access the CTCF law library. Mr. Redmon specifically asserts in claims seventeen and eighteen that his constitutional right of access to the courts was violated. He asserts in claim nineteen that he was denied due process and he asserts in claim twenty that he was denied equal protection.

Mr. Redmon alleges in support of claims seventeen through twenty that, pursuant to a DOC administrative regulation, he should have been allowed four hours and fifteen minutes of law library time each day. However, he contends that he was not allowed the maximum amount of law library time because meal times and medication times overlap the law library times, which forced him to choose between law library access on the one hand and eating and obtaining needed medications on the other. Mr. Redmon also contends that he was prevented from accessing the law library because his law library access pass was not always honored by CTCF security staff and the law library was not always open. As a result, Mr. Redmon asserts that he was allowed only nineteen hours and twenty-seven minutes of law library time in May 2009 and thirty-eight hours and thirty minutes of law library time in June 2009. Mr. Redmon asserts that he had no law library access in February 2009 while he was held in punitive segregation.

Mr. Redmon's due process claim based on the denial of adequate law library access lacks merit because Mr. Redmon again fails to allege the deprivation of any constitutionally protected interest in life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Redmon's equal protection claim based on the denial of adequate law library access also lacks merit because Mr. Redmon

again fails to allege that he has been treated differently than any similarly situated individual. *See City of Cleburne*, 473 U.S. at 439; *Penrod*, 94 F.3d at 1406. Finally, Mr. Redmon's claims that he was denied access to the courts based on the denial of adequate law library access lack merit because Mr. Redmon fails to allege any actual injury in his ability to pursue a nonfrivolous legal claim. *See Lewis*, 518 U.S. at 349-55. The constitutional right of access to the courts does not include "an abstract, freestanding right to a law library," and Mr. Redmon cannot demonstrate the existence of an actual injury simply by establishing that his law library access "is subpar in some theoretical sense." *Id.* at 351. Therefore, claims seventeen through twenty also will be dismissed as legally frivolous. In addition, because claims seventeen through twenty are the only claims asserted against defendant L. Maifield, he will be dismissed as a party to this action.

Finally, the Court will address Mr. Redmon's claims against defendants Beneze, R. Viola, and Anthony A. DeCesaro. Mr. Redmon alleges that defendants Beneze and Viola denied the Step 1 and Step 2 grievances he filed regarding restrictions on and rejections of his legal mail. Mr. Redmon names Anthony A. DeCesaro, the DOC Step 3 Grievance Officer, as a defendant in connection with thirteen of his twenty claims for relief because defendant DeCesaro denied various administrative grievances Mr. Redmon filed with respect to the issues he raises in the second amended complaint. Defendants Beneze, Viola, and DeCesaro will be dismissed as parties to this action because the claims against them are legally frivolous. Mr. Redmon cannot demonstrate that defendants Beneze, Viola, or DeCesaro personally participated in the alleged

constitutional violations based solely on the fact that they denied his grievances. *See Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007).

In conclusion, the Court will dismiss claims four, five, and eleven through twenty in the second amended complaint filed on March 1, 2010. Defendants Adrienne Jacobson, Anna Cooper, Rae Timme, Pamela J. Ploughe, Gary Golder, Robert Cantwell, Donald Canfield, L. Maifield, Beneze, R. Viola, and Anthony A. DeCesaro will be dismissed as parties to this action because all of the claims asserted against these Defendants are being dismissed. The only remaining claims are claims one through three and six through ten and the only remaining defendants are Aristedes Zavaras and Cathie Holst. The Court will not address at this time the merits of Mr. Redmon's remaining claims.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that claims one through three and claims six through ten do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claims four, five, and eleven through twenty in the second amended complaint filed on March 1, 2010 are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that defendants Adrienne Jacobson, Anna Cooper, Rae Timme, Pamela J. Ploughe, Gary Golder, Robert Cantwell, Donald Canfield, L. Maifield, Beneze, R. Viola, and Anthony A. DeCesaro are dismissed as parties to this action. It is

FURTHER ORDERED that this action shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  11th   day of   March  , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02133-BNB

Matthew Tazio Redmon
Prisoner No. 140637
3812 Anglers Lane
Largo, Florida 33774

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/11/10

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk